Ralph Payne appeals from a judgment of the common pleas court entered pursuant to a bench trial finding him not guilty of felonious assault, but guilty of the aggravated assault of his girlfriend, Hillary Holmes. On appeal, Payne contends his conviction should be vacated because Holmes never testified against him and because it is not supported by sufficient evidence and it is against the manifest weight of the evidence. After careful review, we have determined these contentions are not well taken and, therefore, we affirm the judgment of the trial court.
The record here reveals that on November 7, 1998, Officer Thomas Wise and Lieutenant Frank Bolon of the Cleveland Police Department responded to two 9-1-1 calls from an apartment located at 2072 West 25th Street in Cleveland, Ohio, and met Hillary Holmes who opened the door holding a bloody rag on her eye which had been cut. She advised them that she was the one. She appeared to be crying and told Officer Wise that she had been beaten up by her boyfriend. Upon investigation, Wise found Payne locked in the bathroom, telling the officers that "he didn't do anything and he wasn't going to jail."
Following police investigation, the grand jury indicted Foster for felonious assault. At trial, the state presented its case-in-chief and the police officers testified about their investigation of the incident. Lieutenant Bolton testified that Holmes appeared shaken up, fearful, nervous, and she said that Payne had punched her. Officer Wise stated it was not unusual for a victim to initially file charges and then drop them. Although the state subpoenaed Holmes, she did not appear or testify at trial. After the state rested, the defense moved for acquittal, but the court denied the motion.
The defense then called Payne who testified that he acted in self-defense during an altercation with Holmes about one of his former girlfriends. According to his testimony, Holmes threw a coffee maker at him, and then picked up a cast iron skillet and began to hit him. Payne pushed the skillet away, and, at that time, the skillet must have hit her in the face. Further, Payne read a letter written by Holmes where she admitted to acting as the aggressor during the altercation.
At the close of all of the evidence, the court determined beyond a reasonable doubt that Payne knowingly cause physical harm to Holmes and that Payne failed to establish self-defense by a preponderance of the evidence. However, the court next considered the issue of provocation and apparently determined that Payne acted in a sudden fit of passion brought on by the serious provocation of the victim and returned its verdict finding him guilty of aggravated assault. Following pronouncement of its judgment, the court in response to argument from defense counsel, commented that it had heard from Holmes through the testimony of the officers and it concluded that she demonstrated the classic symptoms of what the court called gender reluctance. Payne now appeals from the trial court and raises three assignments of error for our review. The first states:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FINDING THAT THE ALLEGED VICTIM RECANTED HER ALLEGATIONS AND DID NOT APPEAR AT TRIAL BECAUSE SHE WAS SUFFERING SYMPTOMS OF "GENDER RELUCTANCE" SINCE THERE WAS NO EXPERT TESTIMONY ESTABLISHING THE EXISTENCE OF A "GENDER RELUCTANCE" SYNDROME AND NO EVIDENCE THAT THE VICTIM HERSELF SUFFERED FROM ANY SUCH CONDITION EXCEPT OPINION TESTIMONY FROM POLICE OFFICERS THAT DOMESTIC VIOLENCE VICTIMS TYPICALLY RECANT THEIR ALLEGATIONS.
Citing the court's conclusion regarding gender reluctance syndrome, Payne urges the court abused its discretion when it convicted him despite the fact that Holmes had recanted her testimony, and when it relied on testimony from the officers that domestic violence victims usually recant their testimony. The state on the other hand contends that the court properly admitted testimony concerning the statements Holmes made to the police and their conclusions about the reasons for her recantation. The issue here then concerns whether the court considered improper testimony as a basis to determine Payne's guilt.
In Potter v. Baker (1955), 162 Ohio St. 488, the court stated:
 * * * [T]he trial judge is to decide those questions of fact which must be decided in order to determine whether certain evidence is admissible. * * *. If his decision of those questions of fact, as reflected in his ruling on the admissibility of this declaration, was a reasonable decision, an appellate court should not disturb it. * * *.
Further, Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying * * *, offered in evidence to prove the truth of the matter asserted." Evid.R. 803 provides exceptions to the hearsay rule and states:
* * *
(2) Excited utterance
 A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
In State v. Taylor (1993), 66 Ohio St.3d 295, the court stated:
 Such testimony as to a statement or declaration may be admissible under an exception to the hearsay rule for spontaneous exclamations where the trial judge reasonably finds (a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, (c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration.
In this case, Officer Wise and Lieutenant Bolton testified as to Holmes' physical appearance and emotional condition when she opened the door to let them in and as to the statements that she made. The statements that she was the one and that Payne had punched her were made to the officers at a time when she was still under the stress of the event. Therefore, these statements are admissible as an exception to the hearsay evidence rule.
Regarding recantation, Officer Wise and Lieutenant Bolton testified that based on their years of professional experience, that at the time of arrest, victims of domestic violence press charges but it is not uncommon for them to recant their testimony. This is not expert testimony as advanced by Payne, but rather testimony based on professional experience. The court did not err in permitting it.
The trial court's comments following its verdict which characterized the victim's circumstances as exhibiting the classic symptoms of gender reluctance are not based on testimony contained in the record and as such ought not be considered in determining guilt. Since guilt had been determined at the time the court made the statement, we do not believe this comment constituted prejudicial error. Therefore, this assignment of error is overruled.
 II. THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN THE APPELLANT'S CONVICTION AND THUS, HE HAS BEEN DENIED HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE CONSTITUTIONS OF THE UNITED STATES AND OF OHIO.
 III. THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THUS, HE HAS BEEN DENIED DUE PROCESS OF LAW AS GUARANTEED BY THE CONSTITUTIONS OF THE UNITED STATES AND OF OHIO.
Payne claims that his conviction is not supported by sufficient evidence and that it is against the manifest weight of the evidence, urging self-defense and that the state failed to prove felonious assault beyond a reasonable doubt as charged in the indictment. The state maintains that it proved this crime beyond a reasonable doubt.
The issue then presented for review concerns whether Payne's conviction is supported by sufficient evidence and whether it is against the manifest weight of the evidence.
The test for sufficiency of the evidence is enumerated in Crim.R. 29(A) which states in relevant part:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *.
In State v. Martin (1983), 20 Ohio App.3d 172, the court addressed sufficiency of the evidence stating:
 * * * [T]he test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. (Citations omitted.)
Regarding felonious assault, the state assumed the burden to prove that Payne knowingly caused Holmes serious physical harm. R.C. 2901.01(A) defines serious physical harm to include temporary, serious disfigurement.
In this case, the state offered photographs of Holmes' injury and testimony from Officer Wise and Lieutenant Bolon that Holmes had a bloody, cut, and swollen right eye. As serious physical harm is one of the elements of felonious assault and includes temporary disfigurement, we have concluded the trial court properly denied Payne's motion for acquittal because the evidence presented permitted the trier of fact to find all of the essential elements of the offense beyond a reasonable doubt.
Turning to manifest weight, in Martin, the court stated:
 * * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *. (Citations omitted.)
To properly consider this claim, we review the evidence offered by the defense to determine whether the conviction is against the manifest weight of the evidence. In Martin v. Ohio (1987),480 U.S. 228, the court ruled that Ohio may place the burden of proving self-defense upon the accused which is codified in R.C.2901.05 and states:
 (A) * * *. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused.
In this case, Payne testified that he and Holmes had an altercation concerning a former girlfriend. Payne further testified that Holmes became upset and threw a coffee maker at him. Then, according to his testimony, she picked up a cast iron skillet and began to hit him. Payne pushed the skillet away, and, at that time, the skillet must have hit her in the face. During his testimony, he denied hitting her. Further, Payne read a letter purportedly authored by Holmes in which she admitted that she acted as the aggressor during the altercation. Following closing argument, the court determined that Payne failed to establish self-defense by a preponderance of the evidence, that he knowingly caused serious physical harm to Holmes, and that he committed the offense of felonious assault, but due to its consideration of provocation, found him guilty of aggravated assault.
After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we have determined that in resolving this conflict, the court acting as the trier of fact did not create a manifest miscarriage of justice. Accordingly, this assignment of error is overruled, and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
LEO M. SPELLACY, J., JAMES D. SWEENEY, J., CONCUR.
 ___________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE